UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.L. and D.J., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 24-11404-FDS |
| MARTIN O'MALLEY, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

SAYLOR, C.J.

This action is a direct challenge to a Social Security benefits determination. Because the Court lacks subject-matter jurisdiction over this claim, the complaint will be dismissed.

I. **Background**

The facts are as alleged in the plaintiffs' first amended complaint.[1] Additional facts asserted in defendant's briefing are included for clarity and completeness, but only to the extent they are uncontested.

A. **Factual Background**

D.J. lives with her son, H.L., in Beverly, Massachusetts. (Am. Compl. at 8). Before December 2023, D.J. received $609 in federal supplemental security income (SSI) and $104 in

---

[1] Plaintiffs subsequently filed a second amended complaint without seeking the government's consent or leave of the Court, as required. *See* Fed. R. Civ. P. 15(a)(2). In light of plaintiffs' *pro se* status, the Court will liberally construe the second amended complaint as a motion for leave to file an amended complaint. That motion is denied. For the reasons described more fully below, amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (describing circumstances where leave to amend may be denied, including "futility of amendment").

state supplementary payments (SSP) each month.  (*Id.* at 1).  H.L. does not receive public assistance of his own, but he receives representative payments on D.J.'s behalf.  (*Id.* at 6; ECF 13 at 2).

In December 2023, D.J.'s monthly state-level supplemental income was reduced to $39 from $104.  (Am. Compl. at 1)

In February 2024, the Social Security Administration issued D.J. a notice of a change in payment increasing her monthly SSI income from $609 to $630.  (Am. Compl. Ex. B at 1).  The notice also indicated that D.J. was entitled to fewer benefits than she otherwise would be because she receives food and shelter valued at between $300 and $335 each month.  (*Id.*).  The complaint asserts, however, that D.J. receives no income other than her supplemental security income payments each month.  (Am. Compl. at 5).

Along with the notice, D.J. received a letter describing how to appeal the determination. (ECF 15 Ex. A at 2-4).  The complaint does not allege that plaintiffs filed an appeal. (Am. Compl.).  This action followed.

     **B.**     **Procedural Background**

Plaintiffs filed suit against the Salem Social Security Office in Salem District Court on April 29, 2024.[2]  Defendants timely removed the case on May 28, 2024.  (ECF 1).  Plaintiffs amended their complaint on July 3, 2024.

On September 5, 2024, Martin O'Malley, Commissioner of the Social Security Administration, filed a motion to dismiss the complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted

---

[2] It appears that D.J. is being represented in this action by H.L., her son.  Although they are both named as plaintiffs proceeding *pro se*, only he has signed the pleadings.  (Am. Compl. at 8).  To the extent that he is representing his mother's interests, he has violated Local Rule 83.5.5(b), which provides that a *pro se* litigant may not "represent any other party."  *Id.*

under Fed. R. Civ. P. 12(b)(6).  Plaintiffs did not oppose the motion, but instead filed a second amended complaint substituting the Commissioner for the Salem Social Security Office as defendant.  The Commissioner opposed the amendment and, in the alternative, moved to dismiss the second amended complaint for the same reasons outlined in his motion to dismiss the first amended complaint.

## II.     Standard of Review

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)).  If the party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted.  *Id.*  When ruling on a motion to dismiss under Rule 12(b)(1), the court "must credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor."  *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences.  *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75,

77 (1st Cir. 1999)).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

**III.     Analysis**

The Commissioner contends that this case must be dismissed for lack of subject-matter jurisdiction because it was originally filed in state court, which has no jurisdiction over challenges to Social Security benefits determinations.  *See* 42 U.S.C. § 405(g) (challenges to final actions of the SSA "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides").

Under the doctrine of derivative jurisdiction, "a federal district court does not have removal jurisdiction over a claim that the state court lacked subject matter jurisdiction to decide in the first place."  *Patriot Cinemas, Inc. v. General Cinemas Corp.*, 834 F.2d 208, 210 (1st Cir. 1987); *see also Minnesota v. United States*, 305 U.S. 382, 389 (1939).  This doctrine does not apply to removal of general civil actions, but it remains in force for removal of claims brought against a federal officer or agency.  *Compare* 28 U.S.C. § 1442 *with* 28 U.S.C. § 1441(f); *see also Ricci v. Salzman*, 976 F.3d 768, 772 (7th Cir. 2020).  Amending a complaint cannot cure this procedural defect.  *See, e.g.*, *Ricci*, 976 F.3d at 772-73.

In any event, even if the amended complaint could provide an appropriate basis for removal jurisdiction, dismissal would still be appropriate under Rule 12(b)(6).  The claim plaintiffs assert does not satisfy the statutory predicates for challenging actions of the SSA.  *See* 42 U.S.C. § 405(g).  The action plaintiffs challenge is not "final" because it has not been affirmed through the SSA's internal appeals process.  *See* 20 C.F.R. 416.1400(a)(1)-(5).  And

even if the benefits determination had been final, plaintiffs apparently did not bring their claim within 60 days as required.  *See* 42 U.S.C. § 405(g).

Accordingly, the claims will be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**So Ordered.**

Dated:  November 20, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court